UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY 21REAL ESTATE LLC, a limited liability company formerly known as CENTURY 21 REAL ESTATE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAN VICENTE REAL ESTATE SERVICES, INC., a California corporation, *et al.*,<br><br>Defendants. | Civil No. 07-CV-1423-L(RBB)<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Plaintiff, Century 21 Real Estate LLC ("Century 21") filed a complaint for breach of contract and other state law claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Since the complaint fails to allege the information necessary to determine whether the parties are diverse, it is dismissed.

    The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do

/ / / / /

so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "The essential elements of diversity jurisdiction, including the diverse residence of all parties must be affirmatively alleged in the pleadings." *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987).

Plaintiff alleges that it "is a limited liability company organized under the laws of the State of Delaware. Plaintiff was formerly known as Century 21 Real Estate Corporation, a corporation organized under the laws of the State of Delaware." (Compl. ¶ 1.) That Plaintiff was formerly a corporation is irrelevant because "[s]ubject matter jurisdiction is determined on the basis of the facts that existed at the time the action was filed." *See Stock West Corp. v. Taylor*, 964 F.2d 912, 917 (9th Cir. 1992). Plaintiff further alleges that its "principal place of business is in the State of New Jersey" and that "[t]he majority of Plaintiff's employees, tangible property and operations are located in the State of New Jersey." These facts have no bearing on Plaintiff's citizenship for purposes of diversity jurisdiction. The citizenship of a limited liability company is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). The complaint does not allege the citizenship of each of its members, which is necessary to establish diversity in this case.

Because the complaint does not allege any facts necessary to establish complete diversity as required by 28 U.S.C. § 1332, it is **DISMISSED** for lack of subject matter jurisdiction. Plaintiff may amend the complaint by sufficiently alleging the citizenship of each of its members. *See* 28 U.S.C. § 1653. Any such amended complaint shall be filed no later than **August 20, 2007.**

**IT IS SO ORDERED.**

DATED: August 6, 2007

M. James Lorenz
United States District Court Judge

1  COPY TO:

2  HON. RUBEN B. BROOKS
   UNITED STATES MAGISTRATE JUDGE
3
   ALL PARTIES/COUNSEL
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28